IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY JOHNSON        :

   v.                   :   Civil Action No. DKC 14-1188

G. SINDY, et al.       :

**MEMORANDUM OPINION AND ORDER**

Pursuant to Md. Code Ann., Labor & Employment, § 11-902(b)(1), Maryland's Education and Workforce Training Coordinating Council for Correctional Institutions ("the Council") is charged with "adopt[ing] regulations for all correctional institutions in the Division of Corrections for the implementation of a mandatory education program for all inmates who fail to attain a minimum standard as set forth in this subsection."  The statute, as implemented, requires that the mandatory education program applies to "any inmate" who, *inter alia*, "has 18 months or more remaining to be served before a mandatory supervision release date[.]"  *Id*. at § 11-902(b)(2)(ii); *see also* COMAR § 09.37.02.04.C.

On or about January 3, 2012, Plaintiff Anthony Johnson, a state prisoner serving a life plus twenty-year sentence at Northern Branch Correctional Institute in Cumberland, Maryland, was assigned to the mandatory educational program.  He

subsequently "filed a grievance challenging the assignment" and, when he refused to attend, he was "placed on solitary confinement." (ECF No. 1, at 2). At a disciplinary hearing held on March 6, 2012, Plaintiff was "found guilty of violating rules 203 [refusing to participate in a mandatory educational program], 400 [disobeying a direct order], and 401 [refusing a facility assignment]" and sanctioned with "the revocation of 857 days of diminution of confinement credit[] and time served for the 42 days [he] spent in solitary confinement." (*Id*. at 2-3).

After his grievance was dismissed by the Inmate Grievance Office ("IGO"), Plaintiff sought judicial review in the Circuit Court for Allegany County, Maryland. According to Plaintiff, the circuit court "reversed and remanded [the] case to the IGO to determine[] what, if any[,] remedy [was] available [him] as a result of what appear[ed] to be an erroneous sanction." (*Id*. at 3). On remand, the case was referred to an administrative law judge, who "disagreed" with the circuit court and "dismissed the case[.]" (*Id*.). Plaintiff again filed a petition for judicial review, "challeng[ing] the assignment to the DOC mandatory education program and the prison's disciplinary proceeding." (*Id*. at 4). This action was dismissed by the circuit court "on the basis that [Plaintiff was] not exempt from DOC's mandatory education program because he is 'eligible for release on

2

mandatory supervision pursuant to Md. Code Ann., Correctional Services, § 7-501.'" (*Id.*).[1]

On April 10, 2014, Plaintiff, proceeding *pro se*, commenced the instant action pursuant to 42 U.S.C. § 1983 against various prison officials, alleging that his "rights to due process and equal protection under the 14th Amendment to the U.S. Constitution were violated because he is exempt from [the] Maryland DOC mandatory educational program pursuant to Labor and Employment Md. Code 11-902." (*Id.* at 2). Plaintiff asserts that because he is serving a life sentence, he "do[es] not have a 'Mandatory Supervision Release [] date'"; thus, the requirement under Md. Code Ann., Labor & Employment, § 11-902(b)(2)(ii), as implemented by COMAR 09.37.02.04.C, that he have "18 months or more remaining to be served on [his] sentence before a mandatory supervision release date" cannot be

---

[1] There is no indication as to whether Plaintiff sought further review of this decision in Maryland appellate courts, though he clearly could have done so. *See Haskins v. Hawk*, Civ. No. ELH-11-2000, 2013 WL 1314194, at *2 (D.Md. Mar. 29, 2013) (explaining that an inmate "'aggrieved' by the circuit court's decision may apply to the Maryland Court of Special Appeals for leave to appeal . . . and [thereafter] may petition the Maryland Court of Appeals for a writ of certiorari"). Exhaustion of judicial remedies, however, is not a prerequisite to filing suit in federal court under the Prison Litigation Reform Act. *See Hawkins*, 2013 WL 1314194, at *8 ("If Congress had intended, in enacting the PLRA, to require prisoners to exhaust both administrative and judicial remedies under state law before suing in federal court, it surely would have said so") (citing, *inter alia*, *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)).

satisfied. (*Id.* at 4). According to Plaintiff, "reversal" of the circuit court order dismissing his petition for judicial review is therefore "required." (*Id.* at 5). He seeks a declaration that "the acts described [in the complaint] violated [his] rights under the Constitution and laws of the United States," as well as injunctive and monetary relief. (*Id.* at 6).[2]

Insofar as Plaintiff seeks review of the dismissal of his state court petition, his complaint is barred by the *Rooker-Feldman* doctrine. That doctrine prevents federal courts from considering "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). It serves to bar "not only issues raised and decided in the state courts, but also issues that are 'inextricably intertwined' with the issues that were before the state court." *Washington v. Wilmore*, 407 F.3d 274, 279 (4th Cir. 2005) (quoting *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983)). "[I]f the state-court loser seeks redress in the federal district court for the injury caused by the state-court

---

[2] Concomitantly with his complaint, Plaintiff filed a motion for leave to proceed *in forma pauperis*. (ECF No. 2). Because the supporting declaration establishes Plaintiff's indigence, that motion will be granted.

4

decision, his federal claim is, by definition, 'inextricably intertwined' with the state-court decision, and is therefore outside of the jurisdiction of the federal district court." *Davani v. Dep't of Transp.*, 434 F.3d 712, 719 (4th Cir. 2006).

The injury about which Plaintiff complains was inflicted by the state court when it dismissed his petition for judicial review upon finding that he is "eligible for release on mandatory supervision." (ECF No. 1, at 4). Indeed, Plaintiff expressly seeks "reversal" of the underlying order, which he asserts was "erroneous because [he] does not have a [mandatory supervised release date]." (*Id*. at 5). Although his complaint alleges violation of his due process and equal protection rights under the Fourteenth Amendment, mere invocation of a constitutional provision is insufficient to avoid dismissal under *Rooker-Feldman*. *See Nationscredit Home Equity Servs. Corp. v. City of Chicago*, 135 F.Supp.2d 905, 909 (N.D.Ill. 2001) (citing *Garry v. Geils*, 82 F.3d 1362, 1368-69 (7th Cir. 1996) ("a federal plaintiff may not seek the reversal of a state court decision simply by casting his complaint in the form of a constitutional violation"; "constitutional claims that are 'inextricably intertwined' with state court judgments negate federal jurisdiction because they would call for review of the state court's judgment."). Because the alleged cause of Plaintiff's injury was the state court decision itself – and

not, for example, some defect in the underlying procedure – the complaint is barred under the *Rooker-Feldman* doctrine.

ACCORDINGLY, it is this 28th day of April, 2014, by the United States District Court for the District of Maryland, ORDERED that:

1. The motion for leave to proceed *in forma pauperis* filed by Plaintiff Anthony Johnson (ECF No. 2) BE, and the same hereby IS, GRANTED;

2. Plaintiff's complaint (ECF No. 1) BE, and the same hereby IS, DISMISSED WITHOUT PREJUDICE; and

3. The clerk is directed to transmit a copy of this Memorandum Opinion and Order directly to Plaintiff and to CLOSE this case.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge